

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JENNIFER M. RESNIK
Assistant United States Attorney
Asset Forfeiture Section
(Cal. State Bar # 233634)
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6595
    Facsimile: (213) 894-7177
    E-mail: jennifer.resnik@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV11-06596 DMG (MANx) |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | [21 U.S.C. § 881(a)(6)] |
| $132,322.00 IN U.S. CURRENCY, | [D.E.A.] |
| Defendant. | |

    The United States brings this claim against the defendant $132,322.00 in U.S. currency (the "defendant currency"), and alleges as follows:

//
//

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $132,322.00 in U.S. currency seized from Adolph Robert Thornton, Jr. ("Thornton") on February 23, 2011, at the Los Angeles International Airport ("LAX"), in Los Angeles, CA.

6. The interests of Thornton may be adversely affected by these proceedings.

7. Plaintiff alleges that the defendant currency represents or is traceable to moneys and negotiable instruments furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 841 et seq, or were used or intended to be used to facilitate a violation of 21 U.S.C. § 841 et seq. As such, the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

8. The defendant currency was seized in this district on or about February 23, 2011, by members of Group 3 of the Los Angeles International Airport Narcotics Task Force ("LAX Group 3"). The defendant currency is currently in the custody of the United States Marshals Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

EVIDENCE SUPPORTING FORFEITURE

9. On or about February 23, 2011, at about 11:45 a.m., Los Angeles Sheriff's Department ("LASD") Detective Moore and LASD Detective DeRuyter (the "detectives"), members of LAX Group 3, were on duty at LAX monitoring passengers exiting the automatic doors between the US Airways and Southwest Airlines baggage carousel area. The detectives observed a male (later identified as Thornton) carrying a single carry-on bag (the "carry-on bag") exit past the carousels. Detective Moore walked along side Thornton, identified himself as a police officer and asked Thornton from which city he was traveling. Thornton appeared nervous with his hands visibly shaking; Thornton paused and answered Memphis. Memphis is a known consumer location for narcotics and Los Angeles is a known source city where narcotics can be purchased. Detective Moore asked Thornton whether he (Thornton) was in town for business or pleasure. Thornton answered pleasure and that he (Thornton) was in Los Angeles to see his girlfriend who was supposed to pick Thornton up at the airport.

10. Detective Moore asked to see Thornton's identification. Thornton provided a drivers license with a hole punch covering the expiration year. When asked about the hole punch, Thornton stated that law enforcement in Memphis punched the hole in the license because Thornton had several outstanding traffic warrants. Detective Moore asked Thornton whether Thornton had ever been arrested and Thornton replied that he (Thornton) had been arrested for possession of a concealed firearm and cited for possession of marijuana.

11. Detective Moore asked Thornton whether Thornton was traveling with any narcotics or large amounts of currency. Thornton stated that he (Thornton) was traveling with two or three thousand dollars, but did not know exactly how much. When Detective Moore asked how it was possible that Thornton did not know how much money he (Thornton) was traveling with, Thornton did not offer an explanation and continued to appear nervous.

12. When asked whether there was any additional money or any narcotics in the carry-on bag, Thornton assured the detectives that there was not and that nobody had given him (Thornton) anything to bring to Los Angeles.

13. Detective DeRuyter noticed a strong odor of marijuana emanating from the carry-on bag. When asked again if there was any currency or narcotics in the carry-on bag, Thornton assured the detectives that there was nothing but clothing in the carry-on bag.

14. Detective DeRuyter removed a tennis shoe from Thornton's carry-on bag and found a bundle of $100 bills under the shoe's insole. Thornton stated that the shoe was his, but the money did not belong to him (Thornton). However, Thornton was unable to offer any explanation or reason why someone else would hide money in Thornton's shoe.

15. Thornton accompanied the detectives to the LAX Group 3 office so that the detectives could further examine the carry-on bag. The carry-on bag contained several other bundles of currency hidden inside various shoes within the bag. When asked how much money in total was in the carry-on bag, Thornton responded that there was about $80,000.00 and that the money

belonged to him (Thornton). Thornton had no response when asked why he (Thornton) failed to tell the detectives about the additional currency when the detectives originally spoke with Thornton in the terminal. Likewise, Thornton did not have any explanation for why he (Thornton) initially told the detectives that the money Detective DeRuyter found in the insole of Thornton's shoe (referenced in paragraph 14) did not belong to him (Thornton).

16. When Thornton removed the shoes he (Thornton) was wearing, Detective Moore found two additional bundles of money underneath the shoes' insoles. Thornton also removed approximately $2,000.00 to $3,000.00 in U.S. currency from his pants pocket.

17. When asked why he (Thornton) was traveling with such a large amount of money, Thornton replied that he (Thornton) wanted to buy a car. However, Thornton was unable to identify any specific vehicle which he (Thornton) wished to purchase, and had not made any appointments with any vehicle sellers. Furthermore, when asked why he (Thornton) would buy a car in California and drive it back to Memphis when gas was near $4.00 per gallon, Thornton replied "that's how I do it."

18. Detective Moore then asked how Thornton obtained the $80,000.00 and Thornton stated that he (Thornton) was a rapper and that the money was the remainder of the funds Thornton had earned from performing as a rapper at two clubs earlier in the month. Thornton claimed to have made $34,000.00 from performing at the "Level 2" club in Memphis on February 13, 2011, and $61,000.00 from performing at "Club Envy" on February 20, 2011.

19.  Thornton was carrying three cellular phones (two iPhones and one Nokia model). Drug traffickers often carry multiple cellular phones to avoid detection by law enforcement. On the Nokia cell phone, Detective DeRuyter found the following string of text messages which had been received on February 21, 2011:

> 1. "I'm in town and I can give u these for a better price than what I told you."
> 2. "Okay I can't wait . . .Hit me up when u get here."
> 3. "I have 13 og and 8 others that are very nice"[1]
> 4. "Im tryin to leave town . . . When will u be here?"

Detective DeRuyter showed the text messages to Thornton and told Thornton that he (Detective DeRuyter) believed that the messages referred to a marijuana transaction. Thornton admitted that the messages were about marijuana, but claimed that the numbers referred to grams, not pounds. Thornton also stated that he (Thornton) was in town to buy small quantities of marijuana, but that the majority of the money he (Thornton) was carrying was for the purchase of a car.

20.  A trained narcotic detection canine, "Chip," was brought into the LASD office. Chip first searched the office without any money in it and did not alert to anything. The currency found in Thornton's carry-on bag was then hidden in the office and Chip gave a positive alert upon sniffing it,

---

[1] The term "OG" is commonly used to refer to "OG Kush" which is marijuana from Afghanistan. In California, this type of marijuana can sell for up to and sometimes over $5,000.00 per pound. Accordingly, if the 21 units referenced in the text messages referred to pounds and not grams, the transaction might total approximately $105,000.00.

indicating that the money had been in recent proximity to a controlled substance.

21. The total amount of money found inside Thornton's carry-on bag and on Thornton's person was later counted and determined to be $132,322.00 (i.e., the defendant currency). The amount of the bulk currency, its denominations (2-$1 bills, 2-$5 bills, 8-$10 bills, 14-$20 bills, 31-$50 bills and 1,264-$100 bills) and the manner in which it was secreted in Thornton's shoes are indicative of narcotics related proceeds.

22. A subsequent criminal history check revealed that in 2010 Thornton was arrested in Memphis, Tennessee for possession of marijuana, unlawful possession of a weapon, and possession of drug paraphernalia. The Shelby County Sheriff's report revealed that at the time of that arrest, Thornton was sitting in a vehicle with a digital scale in his lap. Thornton was also arrested and convicted for possession of marijuana in 2004.

23. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant currency, due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed, that this court decree forfeiture of the defendant currency to the United States of

America for disposition according to law, and for such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action.

DATED: August // , 2011          Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney
                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division
                                 STEVEN R. WELK
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section

                                 /s/ JENNIFER M. RESNIK

                                 JENNIFER M. RESNIK
                                 Assistant United States Attorney
                                 Attorneys for Plaintiff
                                 United States of America

# VERIFICATION

I, Michael D. Williams, hereby declare that:

1. I am a Special Agent with the United States Drug Enforcement Administration and am the case agent for the forfeiture matter entitled <u>United States v. $132,322.00 in U.S. Currency</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 10, 2011 in Los Angeles, California.

Michael D. Williams

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### CV11- 6596 DMG (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | $132,322.00 IN U.S. CURRENCY |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jennifer Resnik, Assistant United States Attorney<br>California Bar Number 233634<br>Federal Courthouse, 14th Floor, 312 North Spring Street<br>Los Angeles, California 90012<br>Telephone: (213) 894-384-6595, Facsimile: (213) 894-71777 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881 (a)(6)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV11-06596

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 8/11/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  JENNIFER RESNIK
    Assistant United States Attorney
 6  California Bar Number 233634
    Asset Forfeiture Section
 7       1400 United States Courthouse
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213) 894-6595
 9       Facsimile: (213) 894-7177
         E-mail: Jennifer.Resnik@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) CV |
| --- | --- |
| Plaintiff, | ) CV11-06596 DMG (MANx) |
| v. | ) **NOTICE** |
| $132,322.00 IN U.S. CURRENCY, | ) |
| Defendant. | ) |

In obedience to a Warrant of Arrest In Rem to me directed, in the above-entitled cause, I have, on the ___ day of _____, 2011, seized and taken into my possession, the following described defendant, to wit: $132,322.00 in U.S. Currency, for the cause set forth in the Complaint, to wit: violation of federal laws, now pending in the United States District Court for the Central District of California, at Los Angeles, California.

Amount demanded is the sum of $-0-, plus interest and costs.

I HEREBY GIVE NOTICE to any person who claims an interest in the above-described defendant that, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, said person must file with the Clerk of the United States District Court at Los Angeles, California and serve upon the attorney for the plaintiff, a verified Claim identifying the property claimed and his or her interest in the property not later than thirty-five (35) days after the date of service of the Complaint, or within such additional time as the court may allow; that said person must file and serve an Answer within twenty-one (21) days after the filing of the verified Claim; that if notice was published but direct notice was not sent to said person or to said person's attorney, the Claim must be filed no later than sixty (60) days after the first day of publication on an official internet government forfeiture site or legal notice under Rule G(4)(a); and that all interested persons must file verified Claims and Answers within the time so fixed; otherwise, default may be entered and forfeiture ordered of the interest in the defendant of any person not so complying. Applications for intervention under Rule 24 of the Federal Rules of Civil Procedure by persons claiming maritime liens or other interests shall be filed within the time fixed by the court. A claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the bailor's behalf must state the authority to do so.

Pursuant to General Order 10-07 of the United States

1  District Court for the Central District of California, this
2  action is subject to the Electronic Case Filing ("ECF") System.
3  ECF User Registration Forms may be obtained from the Court.
4      Please check http://www.forfeiture.gov for a listing of all
5  judicial forfeiture notices.
6      Plaintiff's attorney is Assistant United States Attorney
7  Jennifer Resnik, 312 North Spring Street, 14th Floor, Los
8  Angeles, California 90012, (213)894-6595.
9      The custodian of the defendant U. S. Currency is the United
10 States Marshals Service, 255 East Temple Street, Suite 4128, Los
11 Angeles, California 90012, (213) 894-7904.

13 DATED: This _____ day of _____, 2011.

                                      DAVID M. SINGER
                                      UNITED STATES MARSHAL

                                      _____
                                      U.S. MARSHAL REPRESENTATIVE